WILLIAM GOULD *et al. v.* CHARLES TRYON.

Where a judgment creditor's bill was filed on an execution returned unsatisfied nearly nine years before, a motion for the appointment of a receiver was denied.

An execution must be returned within a reasonable time before the filing of a judgment creditor's bill, and nine years is not a reasonable time.

MOTION for the appointment of a receiver, on a judgment creditor's bill.

*E. B. Harrington,* in support of the motion.

*J. S. Abbott,* contra.

THE CHANCELLOR.   Complainants, in May, 1834, obtained a judgment in the Circuit Court of Wayne county, against Tryon, and, in October following, sued out execution, returnable on the first day of December thereafter, on which day it was returned unsatisfied by the sheriff. No step appears by the bill to have been taken for the collection of the judgment, from that time until complainants filed their bill in this Court, on October 31st, 1843 ; and, on that account, the motion for a receiver is resisted,—

nearly nine years having elapsed between the return day of the execution, and the filing of the bill.

I think the objection a good one. The sheriff's return shows that defendant had no goods or chattels, lands or tenements, to satisfy the judgment, on the first day of December, 1834, when it was returned; but it does not show, and the law does not presume, that he had no property liable to execution nine years after, or nearly that, when the bill was filed. At law, a party cannot take out execution on a judgment in his favor, after two years from the time he was entitled to it, or from the return day of a preceding execution, if he has taken out one within that time, without a special application to the Court, and leave given for that purpose. *Laws* 1841, *p*. 134.

If a bill may be filed nine years after the return of an execution, there is nothing to prevent filing it at any time before the judgment is outlawed. Such a construction would be contrary to the spirit of the statute, which was intended to give the party a remedy in this Court, where he had made a *bona fide* attempt to collect his judgment at law, within a reasonable time before filing his bill. Nine years is unreasonable for that purpose; and there is no hardship in requiring a party who, after the return of an execution unsatisfied, has lain by so long, without taking any measures to enforce the collection of his judgment, to take out a new execution and have it returned, before he comes here for relief.

Motion denied.